1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **EASTERN DISTRICT OF CALIFORNIA**

9

10

11   CARLTON RAY CALLINS,                )   Case No.: 1:22-cv-00603-SAB (PC)
                                          )
12                    Plaintiff,          )
                                          )   ORDER FOR PLAINTIFF TO SHOW CAUSE
13           v.                           )   WHY ACTION SHOULD NOT BE DISMISSED
                                          )   AS BARRED BY THE STATUTE OF
14   C. MASON, et.al.,                    )   LIMITATIONS
                                          )
15                    Defendants.         )   (ECF No. 1)
                                          )
16                                        )
                                          )
17   _____   )

18          Plaintiff Carlton Ray Callins is proceeding pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's complaint, filed May 20, 2022.

21                                    **I.**

22                       **SCREENING REQUIREMENT**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court

25   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

26   or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary

27

28

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

From September 24, 2015 to December 23, 2015, officer C. Kyt continued to sexually assault and harass Plaintiff while completing his pat down searches by placing his penis on Plaintiff's buttock and grabbing his breast. During this time period, Kyt would repeatedly tell officers D. Garrison and C. Zamora about the harassment and request to speak to the sergeant. When Plaintiff tried to talk to sergeant C. Mason and officer A. Flores they would always ignore him. Plaintiff went on suicide watch and when captain Kevin Hixon went to interview Plaintiff he cleared Plaintiff to go back to D-yard after he was told about the sexual harassment and assaults.

On January 7, 2016, during the Institution Classification Committee, Plaintiff told warden Pfeiffer about the security risk he faced because of the harassment and assaults, and he told Plaintiff, "oh well maybe you should threaten my officers" and cleared Plaintiff to go back to D-yard where the sexual harassment and assaults continued.

### III.

### DISCUSSION

Failure to comply with the applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993).

Section 1983 does not have its own statute of limitations, so the court applies California's statute of limitations for personal injury actions. See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."). California's statute of limitations for personal injury actions requires that a claim be asserted within two years of its accrual. Butler, 766 F.3d at 1198 (citing Cal. Code Civ. Proc. § 335.1). Prisoners receive an additional two years to file personal injury claims, generally resulting in a total of four years period from accrual for prisoners to file a claim under § 1983. See Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action, ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby,

12 Cal. 3d 410, 414 (1974)). See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles. That time is presumptively when the plaintiff has a complete and present cause of action...." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citations and internal quotation marks omitted).

Plaintiff alleges that the relevant incidents occurred on September 24, 2015 through January 7, 2016.  Plaintiff's claims thus appear untimely.   Accordingly, the Court will order plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

## IV.

## ORDER

As it appears from the face of the complaint that Plaintiff's claims are time-barred, it is HEREBY ORDERED that, within thirty (30) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations.  Failure to comply with this order will result in a recommendation to dismiss the action as barred by the statute of limitations.

IT IS SO ORDERED.

Dated:   **May 27, 2022**

UNITED STATES MAGISTRATE JUDGE