UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON RAY CALLINS,<br><br>  Plaintiff,<br><br>  v.<br><br>C. MASON, et al.,<br><br>  Defendants. | No. 1:22-cv-00603-JLT-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO UPDATE ADDRESS OF RECORD AND DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS OF RECORD<br><br>(ECF No. 41) |

Plaintiff Carlton Ray Callins is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for administrative relief regarding notification of Plaintiff's current address, filed February 13, 2024.

**I.**

**DISCUSSION**

Defendants submit that Plaintiff paroled during the pendency of the action and filed a notice of change of address on August 7, 2023. Since that time, an active warrant has issued for Plaintiff's arrest, and his whereabouts are currently unknown to his parole officer. Defendants intend to proceed with taking Plaintiff's deposition, and then preparing and filing a motion for summary judgment in the case. Because Plaintiff's service address of record on file with the

1

Court is no longer accurate, Defendants' counsel is unable to serve Plaintiff with notice of his deposition. Further, counsel has been unable to contact Plaintiff to discuss scheduling his deposition at the telephone numbers Plaintiff last provided to his parole officer. Therefore, Defendants move the Court to issue an order for Plaintiff to file a notice of his current address.

Local Rule 183 provides, in pertinent part:

> [a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); see also Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]").

If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f).

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It is clear from the record that Plaintiff paroled on or about July 16, 2023.  (ECF No. 36.) On August 7, 2023, Plaintiff filed a notice of change of address, listing his address

2

as 355 East 105 Street, Los Angeles, California 90003. (ECF No. 30.) On August 29, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed, after Plaintiff failed to appear for a Court-ordered settlement conference. (ECF No. 35.) Plaintiff responded to the order to show cause, and the Court discharged it. However, Plaintiff's response shows that he no longer resided at his court-listed address at that time.[1] (ECF No. 36.)

On February 9, 2024, Defendants contacted Plaintiff's parole officer to obtain Plaintiff's current address and phone number, who responded that Plaintiff's whereabouts are currently unknown and Plaintiff has an active warrant for his arrest.  (Mathison Decl. ¶ 2.)  Nonetheless, on this same date, Defendants called Plaintiff's telephone number provided by the parole officer and left a message but no response was received.  In addition, Plaintiff has not filed a change of address with the Court since his release in July, in violation of Local Rules and the Court's First Informational Order, (ECF No. 4).

Based on the above, it appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally after his release from prison is inconsequential.  It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.  In the interest of justice, the Court will make a one-time exception and change Plaintiff's address of record to that reflected in his last filing (ECF No. 36) and serve a copy of this order at such address.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to change Plaintiff's address of record to 4172 Brighton Avenue #2, Los Angeles, CA 90062;
2. Within fourteen (14) days from the date of service of this order Plaintiff shall show cause why the action should not be dismissed for failure to update his address of record; and

---

[1] Plaintiff listed his address as 4172 Brighton Avenue #2, Los Angeles, CA 90062.  (ECF No. 36.)

3

3. Failure to respond to this order will result in a recommendation to dismiss the action for failure to prosecute and failure to comply with a court order.  Local Rule 110.

IT IS SO ORDERED.

Dated: __**February 14, 2024**__

UNITED STATES MAGISTRATE JUDGE

4