UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON RAY CALLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. MASON, et al.,<br><br>　　　　Defendants. | No. 1:22-cv-00603-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 42) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 15, 2024, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to update his address of record. (ECF No. 42.) Plaintiff has failed to file a response and the time to do so has passed. (Id.)

**I.**

**DISCUSSION**

Local Rule 183 provides, in pertinent part:

> [a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

1  Local Rule 183(b); see also Local Rule 182(f) (all parties are "under a continuing duty" to notify
2  the clerk of "any change of address[.]").

3  If a party moves without filing and serving a notice of change of address, documents
4  served at the party's old address of record shall be deemed received even if not actually received.
5  Local Rule 182(f).

6  The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that
7  "[f]ailure of counsel or of a party to comply with ... any order of the Court may be grounds for the
8  imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local
9  Rule 110. "District courts have inherent power to control their dockets," and, in exercising that
10 power, they may impose sanctions, including dismissal of an action. Thompson v. Housing Auth.,
11 City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on
12 a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.
13 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with
14 a court order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128,
15 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan,
16 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local
17 rules).

18 It is clear from the record that Plaintiff paroled on or about July 16, 2023.   (ECF No. 36.)
19 On August 7, 2023, Plaintiff filed a notice of change of address, listing his address
20 as 355 East 105 Street, Los Angeles, California 90003. (ECF No. 30.) On August 29, 2023, the
21 Court issued an order for Plaintiff to show cause why the action should not be dismissed, after
22 Plaintiff failed to appear for a Court-ordered settlement conference. (ECF No. 35.) Plaintiff
23 responded to the order to show cause, and the Court discharged it. However, Plaintiff's response
24 shows that he no longer resided at his court-listed address at that time.[1] (ECF No. 36.)

25 On February 9, 2024, Defendants contacted Plaintiff's parole officer to obtain Plaintiff's
26 current address and phone number, who responded that Plaintiff's whereabouts are currently
27 unknown and Plaintiff has an active warrant for his arrest.  (Mathison Decl. ¶ 2.)  Nonetheless, on

---

[1] Plaintiff listed his address as 4172 Brighton Avenue #2, Los Angeles, CA 90062.  (ECF No. 36.)

this same date, Defendants called Plaintiff's telephone number provided by the parole officer and left a message but no response was received. In addition, Plaintiff has not filed a change of address with the Court since his release in July, in violation of Local Rules and the Court's First Informational Order, (ECF No. 4). Moreover, Plaintiff has failed to file a response to the order to show regarding dismissal of the action. (ECF No. 42.)

Accordingly, it appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally after his release from prison is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this case be dismissed without prejudice pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 11, 2024**                           _____
                                                     UNITED STATES MAGISTRATE JUDGE